**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

**AMY LORETTA HOLEM,** Plaintiff, *pro se*, 8:26-cv-2636-JLB-AEP

1310 28th St. NW Winter Haven, FL 33881

v.

U.S. DEPARTMENT OF VETERANS AFFAIRS; ORLANDO VA MEDICAL CENTER; LAKE BALDWIN VA CLINIC; CAPTAIN JAMES A. LOVELL FEDERAL HEALTH CARE CENTER; WILLIAM BEAUMONT ARMY MEDICAL CENTER; U.S. POSTAL SERVICE (USPS); U.S. POSTAL INSPECTION SERVICE (USPIS); NATIONAL ARCHIVES AND RECORDS ADMINISTRATION (NARA); U.S. ARMY CRIMINAL INVESTIGATION DIVISION (CID); DOJ OFFICE OF INSPECTOR GENERAL; and VA OFFICE OF INSPECTOR GENERAL, Defendants.

**Case No.:**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT (5 U.S.C. § 552), THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 701, et seq.), THE PRIVACY ACT (5 U.S.C. § 552a), AND THE U.S. CONSTITUTION**

---

**TABLE OF CONTENTS**

PREAMBLE: THE SUPREMACY OF LAW AND THE CALL TO JUSTICE I. INTRODUCTION II. JURISDICTION AND VENUE III. PARTIES IV. FACTUAL BACKGROUND A. Congressional Inquiries and Initial Agency Contact B. Formal FOIA and Privacy Act Requests C. Defendants' Unlawful Responses D. Evidence of Record Tampering and Obstruction E. FTCA Claim and Irreparable Harm V. EXHAUSTION OF



IFP

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

ADMINISTRATIVE REMEDIES VI. CONSTITUTIONAL CLAIMS VII. SUPPLEMENTARY AUTHORITY UNDER FLORIDA STATE LAW VIII. ANTICIPATED DEFENSES AND SUMMARY REBUTTALS IX. CAUSES OF ACTION COUNT ONE: Violation of the Freedom of Information Act, 5 U.S.C. § 552 (Against All Defendants) COUNT TWO: Violation of the Privacy Act, 5 U.S.C. § 552a (Against All Defendants) COUNT THREE: Violation of the Administrative Procedure Act, 5 U.S.C. § 706 (Against All Defendants) COUNT FOUR: Violation of the First Amendment – Right to Petition (Against All Defendants) COUNT FIVE: Violation of the Fourth Amendment – Unreasonable Search and Seizure (Against Defendants VA, USPS, USPIS, CID) COUNT SIX: Violation of the Fifth Amendment – Deprivation of Liberty and Property without Due Process (Against VA and Army Defendants) COUNT SEVEN: Obstruction of Justice and Spoliation of Evidence (18 U.S.C. § 1519) (Against All Defendants) COUNT EIGHT: Declaratory Judgment – 28 U.S.C. §§ 2201-2202 (Against All Defendants) COUNT NINE: Injunctive Relief – 5 U.S.C. § 702 (Against All Defendants)

X. PRAYER FOR RELIEF

**PREAMBLE: THE SUPREMACY OF LAW AND THE CALL TO JUSTICE**

1. This action is brought under the foundational principle enshrined in the Supremacy Clause of the United States Constitution, Article VI, Clause 2, which establishes that federal statutes like the Freedom of Information Act are the "supreme Law of the Land," overriding any agency policy or bureaucratic inertia that stands in the way of government transparency.

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

2. Plaintiff's pursuit of truth and accountability is further informed by the enduring principles of justice that resonate throughout this nation's heritage. The Holy Bible, a source of moral and ethical guidance for millions, speaks to the essence of this cause:

a) "Lying lips are an abomination to the LORD, but those who deal faithfully are His delight" (Proverbs 12:22);

b) "Give justice to the weak and the fatherless; maintain the right of the afflicted and the destitute" (Psalm 82:3);

c) "Learn to do good; seek justice, correct oppression; bring justice to the fatherless, plead the widow's cause" (Isaiah 1:17);

d) "He has told you, O man, what is good; and what does the Lord require of you but to do justice, and to love kindness, and to walk humbly with your God?" (Micah 6:8).

3. As a resident of the State of Florida, where much of the harm from Defendants' actions has occurred, this action is supplemented by the public policy of the State of Florida, which mandates radical transparency in government operations under its Public Records Law, Fla. Stat. § 119.07, and its government-in-the-Sunshine Law, Fla. Stat. § 286.011. These state laws reflect a bedrock principle of public accountability that this Court is urged to consider in equity.

## I. INTRODUCTION

Plaintiff Amy Loretta Holem, a U.S. Army veteran and former Military Police officer, brings this action to compel Defendants, a network of federal agencies, to cease their unlawful withholding of government records and to remedy a years-long pattern of obstruction, delay, and evidence tampering. Defendants have unlawfully withheld records essential to Plaintiff's

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

pending Federal Tort Claims Act ("FTCA") claim for systematic errors (FTCA Claim No. GCL 573834), obstructed her access to her own military and administrative files, and engaged in conduct that constitutes spoliation of evidence and obstruction of justice under 18 U.S.C. § 1519. Plaintiff seeks declaratory and injunctive relief to compel the immediate production of all responsive records in their native electronic format with all associated metadata, an order enjoining Defendants from further destroying or altering evidence, and a finding that Defendants' actions violate the Freedom of Information Act ("FOIA"), the Privacy Act, the Administrative Procedure Act ("APA"), and the U.S. Constitution.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 5 U.S.C. § 552a(g)(1) (Privacy Act), 5 U.S.C. § 702 (APA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1361 (mandamus).
2. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–2202.
3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), as Plaintiff resides in Winter Haven, Florida, within this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred here, including the withholding of records from a resident of this district.

## III. PARTIES

1. Plaintiff Amy Loretta Holem is a citizen of the United States, a veteran of the U.S. Army, and a resident of Winter Haven, Polk County, Florida.

2. Defendant U.S. Department of Veterans Affairs ("VA") is an executive department of the United States. The VA and its sub-agencies, including the Orlando VAMC, Lake Baldwin VA Clinic, Captain James A. Lovell FHCC, and William Beaumont Army Medical Center, are "agencies" within the meaning of 5 U.S.C. § 552(f)(1) and possess records to which Plaintiff is entitled.

3. Defendant U.S. Postal Service ("USPS") and its law enforcement arm, the U.S. Postal Inspection Service ("USPIS"), are "agencies" within the meaning of 5 U.S.C. § 552(f)(1) and possess records responsive to Plaintiff's requests.

4. Defendant National Archives and Records Administration ("NARA") is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and is the custodian of permanent records of the United States.

5. Defendant U.S. Army Criminal Investigation Division ("CID") is a federal law enforcement agency and a component of the Department of Defense, an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

6. Defendant DOJ Office of the Inspector General ("DOJ OIG") and Defendant VA Office of the Inspector General ("VA OIG") are "agencies" within the meaning of 5 U.S.C. § 552(f)(1) and possess records related to complaints and investigations concerning the conduct of their parent agencies.

## IV. FACTUAL BACKGROUND

### A. Congressional Inquiries and Initial Agency Contact

1. Frustrated by years of obstruction, Plaintiff sought assistance from Senator Marco Rubio's office, initiating a congressional inquiry (Case #1967022). Correspondence

shows repeated communication between Senator Rubio's office and the VA from March through August 2024, yet no records were produced. (Exhibit A).

2. Plaintiff also engaged Senator Rick Scott's office, which received a declination to investigate from the VA OIG on July 31, 2026, demonstrating a pattern of agency non-compliance even in the face of congressional oversight. (Exhibit R-Scott).

3. On or about April 2–3, 2026, Plaintiff submitted formal requests through the VA Claim Assist Portal (Reference ID: 34895), which were ignored.

**B. Formal FOIA and Privacy Act Requests**

1. On or about July 15, 2026, Plaintiff submitted a formal FOIA request to the USPIS for mail records related to VA facilities. (Exhibit B).

2. On or about July 7, 2026, Plaintiff submitted formal FOIA requests to the U.S. Army and CID for her complete military, medical, and administrative records. (Exhibit C).

3. These requests explicitly demanded production of all records in their native electronic format, with all associated, un-scrubbed metadata, including but not limited to MACE (Modified, Accessed, Created, Entry) timestamps, email headers, audit logs, and SHA-256 hash values to ensure forensic integrity. The requests also served as a litigation hold, demanding immediate preservation of all potentially responsive data.

**C. Defendants' Unlawful Responses**

1. To date, and far beyond the 20-day statutory deadline mandated by 5 U.S.C. § 552(a)(6)(A), none of the Defendants have provided a final, substantive determination or produced any responsive records in the format requested.

2. The Army CID provided only a non-substantive interim response from Jon Ali acknowledging receipt of request FA26-3977. (Exhibit D).

3. The DOJ OIG provided an unresponsive letter from Marissa Solomon-McRoy regarding Case No. 26-OIG-366, failing to address the substance of her request. (Exhibit E).
4. The VA has either ignored requests or, in response to later inquiries, provided piecemeal, non-native files stripped of the essential metadata Plaintiff requires to prove her claims.
5. Other agencies have failed to respond entirely.

**D. Evidence of Record Tampering and Obstruction**

1. Plaintiff has direct evidence of post-hoc record modification. Following an incident of involuntary confinement at a VA ER, Plaintiff appealed the attending physician's notes. The appeal was denied, demonstrating a practice of modifying records to conceal facts and evade accountability.
2. Defendants' systemic failure to produce records with intact metadata is, in itself, evidence of spoliation. Native format electronic records contain metadata that is the digital equivalent of a document's DNA, revealing its creation date, author, and modification history. Producing static PDFs or printouts as is Defendants' common practice is an act of evidence destruction, as it strips the record of this crucial forensic information. See *Autotech Techs. LP v. Automationdirect.Com, Inc.*, 248 F.R.D. 556 (N.D. Ill. 2008).
3. Defendants have obstructed communication channels. Plaintiff's attempts to email VA officials, including Diana.Stripp@va.gov, were met with non-delivery receipts and "Access denied" errors, indicating a deliberate or systemic failure to maintain open lines of communication. (Exhibit I).

4. Plaintiff has compiled extensive documentation of her attempts to comply with agency procedures, including fax transmission logs (Exhibit G), a properly executed DOJ-361 Certification of Identity, and evidence of returned certified mail.

**E. FTCA Claim and Irreparable Harm**

1. Plaintiff has a pending FTCA claim before the VA (**Claim No. GCL 573834**) for systematic errors. The records and metadata sought in this lawsuit are indispensable to proving that claim. They are needed to establish timelines of care, identify which providers accessed and altered records, and prove the extent of the negligence and subsequent cover-up.

2. Every day of delay causes irreparable harm. Electronic metadata is fragile and can be overwritten or destroyed by routine system processes. Without an immediate preservation order and expedited production, the very evidence needed to prove Plaintiff's case will be irretrievably lost, rendering any future legal remedy meaningless.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under FOIA, a requester is deemed to have constructively exhausted administrative remedies if the agency fails to comply with the statutory time limits. 5 U.S.C. § 552(a)(6)(C)(i). Defendants failed to issue a determination within 20 working days. Therefore, Plaintiff has exhausted her administrative remedies and is entitled to immediate judicial review. *See Jonathan Corbett v. TSA*, No. 22-13674 (9th Cir. 2024); *Citizens for Responsibility & Ethics v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

## VI. CONSTITUTIONAL CLAIMS

Defendants' actions also violate the Constitution. The systemic refusal to provide records burdens Plaintiff's First Amendment right to petition for redress. The potential unauthorized surveillance and interception of mail and medical records implicate her Fourth Amendment rights. The alteration of records and denial of benefits without a fair process violate her Fifth Amendment due process rights.

## VII. SUPPLEMENTARY AUTHORITY UNDER FLORIDA STATE LAW

While federal law governs this action, the public policy of the State of Florida, where Plaintiff resides and suffers harm, underscores the principles at stake. The Florida Public Records Law (Fla. Stat. § 119.07) and Sunshine Law (Fla. Stat. § 286.011) reflect a commitment to government transparency that is consonant with the relief sought.

## VIII. ANTICIPATED DEFENSES AND SUMMARY REBUTTALS

Plaintiff anticipates Defendants will raise boilerplate defenses, all of which fail as a matter of law:

1. **Defense: The Request is Overly Broad/Burdensome. Rebuttal:** Defendants cannot claim burden when the burden is a product of their own poor record-keeping and failure to respond. Any claimed burden must be detailed with specificity, which Defendants have not done. 5 U.S.C. § 552(a)(6)(B).

2. **Defense: No Responsive Records Exist. Rebuttal:** An agency's claim of no records is insufficient without a detailed affidavit describing the search terms and methods used. *Marino v. DOJ*, 993 F. Supp. 2d 1 (D.D.C. 2013). Plaintiff has personal knowledge of the records' creation.

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

3. **Defense: The Records are Exempt (Privacy/Deliberative Process). Rebuttal:** Exemptions are narrowly construed. Defendants must produce a detailed *Vaughn* index justifying each redaction line-by-line. *Pickering v. DOJ*, No. 20-CV-1019 (W.D.N.Y. 2021).

4. **Defense: Plaintiff Failed to Exhaust Administrative Remedies. Rebuttal:** Constructive exhaustion is established by statute and case law. *Corbett v. TSA*. Belated agency responses do not cure the initial failure.

5. **Defense: Plaintiff Lacks Standing. Rebuttal:** Any person may submit a FOIA request. 5 U.S.C. § 552(a)(3)(A).

6. **Defense: Sovereign Immunity. Rebuttal:** FOIA, the Privacy Act, and the APA explicitly waive sovereign immunity for injunctive and declaratory relief. 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 702.

7. **Defense: Metadata is Not Part of the "Record." Rebuttal:** FOIA requires production in the requested format if readily reproducible, and federal courts have long recognized metadata as part of the electronic record. 5 U.S.C. § 552(a)(3)(B).

8. **Defense: Agency Backlog Justifies Delay. Rebuttal:** Backlog is not an absolute defense. Plaintiff has demonstrated a compelling and urgent need for the records that outweighs routine processing delays. *Aguilera v. FBI*, 941 F. Supp. 144 (D.D.C. 1996).

9. **Defense: Records Were Destroyed Per Routine Schedules. Rebuttal:** A duty to preserve was triggered by Plaintiff's administrative claims and FOIA requests. Intentional destruction after this point constitutes spoliation and obstruction of justice under 18 U.S.C. § 1519.

10. **Defense: Plaintiff's Mental Health Status. Rebuttal:** Plaintiff's mental health is not at issue in a FOIA case. Any attempt to introduce this is an improper and prejudicial *ad*

*hominem* attack, sanctionable under FRCP 11. *See Williams v. Geraci*, No. 16-CV-6355 (E.D.N.Y. 2020).

## IX. CAUSES OF ACTION

**COUNT ONE: Violation of the Freedom of Information Act, 5 U.S.C. § 552 (Against All Defendants)**

1. Plaintiff incorporates the preceding paragraphs.

2. Defendants have improperly and unlawfully withheld agency records in violation of 5 U.S.C. § 552(a)(3)(A) by failing to conduct an adequate search, failing to issue a determination within the statutory time limits, and failing to produce non-exempt records.

**COUNT TWO: Violation of the Privacy Act, 5 U.S.C. § 552a (Against All Defendants)**

3. Plaintiff incorporates the preceding paragraphs.

4. Defendants have failed to maintain records with the accuracy necessary to ensure fairness, leading to adverse determinations, in violation of 5 U.S.C. § 552a(g)(1)(C). Upon information and belief, Defendants have also willfully disclosed records to unauthorized persons in violation of 5 U.S.C. § 552a(g)(1)(D).

**COUNT THREE: Violation of the Administrative Procedure Act, 5 U.S.C. § 706 (Against All Defendants)**

5. Plaintiff incorporates the preceding paragraphs.

6. Defendants' failure to act on Plaintiff's requests constitutes unlawfully withheld and unreasonably delayed agency action. Their conduct is arbitrary, capricious, and an abuse of

discretion in violation of 5 U.S.C. § 706. *See Adams v. U.S. Dep't of Labor*, 360 F. Supp. 3d 320 (D.S.C. 2018).

**COUNT FOUR: Violation of the First Amendment – Right to Petition (Against All Defendants)**

7. Plaintiff incorporates the preceding paragraphs.

8. Defendants' systemic failure to respond to FOIA requests and congressional inquiries constitutes an unlawful burden on Plaintiff's fundamental right to petition for redress.

**COUNT FIVE: Violation of the Fourth Amendment – Unreasonable Search and Seizure (Against Defendants VA, USPS, USPIS, CID)**

9. Plaintiff incorporates the preceding paragraphs.

10. The requested records will confirm that Defendants have engaged in the unauthorized surveillance, interception, and sharing of Plaintiff's private medical records and mail, constituting an unreasonable search and seizure.

**COUNT SIX: Violation of the Fifth Amendment – Deprivation of Liberty and Property without Due Process (Against VA and Army Defendants)**

11. Plaintiff incorporates the preceding paragraphs.

12. By withholding, falsifying, and altering records essential to her claims for benefits and medical care, Defendants have deprived Plaintiff of her property and liberty interests without due process.

**COUNT SEVEN: Obstruction of Justice and Spoliation of Evidence (18 U.S.C. § 1519) (Against All Defendants)**

13. Plaintiff incorporates the preceding paragraphs.

14. Upon information and belief, Defendants have knowingly altered, concealed, or destroyed records with the intent to impede, obstruct, or influence the investigation and proper administration of Plaintiff's FTCA claim and this civil action, in violation of the principles codified in 18 U.S.C. § 1519. *See United States v. Luminaire Envtl.*, 358 F. Supp. 3d 829 (D. Me. 2018).

**COUNT EIGHT: Declaratory Judgment – 28 U.S.C. §§ 2201-2202 (Against All Defendants)**

15. Plaintiff incorporates the preceding paragraphs.

16. An actual controversy exists. Plaintiff is entitled to a declaratory judgment that Defendants' withholding of records and evidence tampering is unlawful.

**COUNT NINE: Injunctive Relief – 5 U.S.C. § 702 (Against All Defendants)**

17. Plaintiff incorporates the preceding paragraphs.

18. Plaintiff is suffering irreparable harm. Plaintiff is entitled to an injunction compelling Defendants to cease withholding and immediately produce the requested records and to preserve all potentially responsive records.

**X. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this matter.

B. Order Defendants to process Plaintiff's FOIA requests on an expedited basis.

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

C. Enjoin Defendants from withholding and order them to produce, within 20 days, all non-exempt records in their entirety, in their native electronic format with all associated metadata.

D. Order Defendants to immediately implement a litigation hold and preserve all potentially responsive records, suspending all auto-delete protocols.

E. Order Defendants to produce a detailed *Vaughn* index for any records withheld.

F. Order an independent forensic examination of Defendants' electronic record systems, to be conducted by the Florida Department of Law Enforcement or another neutral expert, to determine the extent of the evidence tampering.

G. Issue a declaratory judgment that Defendants' conduct violates FOIA, the Privacy Act, the APA, and the U.S. Constitution.

H. Find that Defendants' withholding was not substantially justified and refer the matter to the Office of Special Counsel for an investigation pursuant to 5 U.S.C. § 552(a)(4)(F).

I. Award Plaintiff her reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

J. Impose sanctions against Defendants for spoliation of evidence, including an adverse inference instruction.

K. Grant such other and further relief as the Court deems just and proper.

Dated: September 10th 2026

Respectfully submitted,

/s/ Amy Loretta Holem [signature]

**AMY LORETTA HOLEM** *Pro Se* Plaintiff

1310 28th St. NW Winter Haven, FL 33881

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

Telephone: (815) 307-4619

Email: aimeesaudios@protonmail.com